**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

TAMALA F.,                                              *

    Plaintiff,                                       *

v.                                                      *        Civil Action No. EA-25-2969

FRANK J. BISIGNANO,                                     *
  Social Security Commissioner,

                                                            *

    Defendant.

**MEMORANDUM OPINION**

On September 9, 2025, Plaintiff Tamala F. petitioned this Court to review the final

decision of the Social Security Administration (SSA or Commissioner) denying her claim for

benefits.[1]  ECF No. 1.  Pending before the Court is Plaintiff's appeal, which is fully briefed.

ECF Nos. 12, 14–15.  No hearing is necessary.  Local Rule 105.6 (Dec. 1, 2025 D. Md.).  This

Court must uphold the decision of the SSA if it is supported by substantial evidence and if the

SSA employed proper legal standards.  42 U.S.C. §§ 405(g), 1383(c)(3); *Craig* v. *Chater*, 76

F.3d 585, 589 (4th Cir. 1996).  Under that standard, and for the reasons set forth below, the

Commissioner's decision is reversed.

**I.        BACKGROUND**

    **A.        Procedural History**

On July 20, 2021, Plaintiff applied for Disability Insurance Benefits under Title II of the

Social Security Act (the Act), 42 U.S.C. § 401 *et seq*., alleging a disability onset date of February

1, 2020.  ECF No. 8-4 at 2.[2]  Plaintiff claimed she was disabled within the meaning of the Act

---

[1]  This case was referred to a United States Magistrate Judge with the parties' consent and reassigned to the undersigned on June 6, 2026.  ECF Nos. 3, 5–6; 28 U.S.C. § 636; Local Rule 301.4 (D. Md. Dec. 1, 2025).

[2]  Page numbers refer to the pagination of the Court's Case Management/Electronic Case Files (CM/ECF) system printed at the top of the cited document.

due to, as relevant here, surgeries on her left knee and pain in her knees, hip, heels, and feet.[3]  *Id.* at 10, 12.  The SSA initially denied her application for benefits on August 3, 2022.  *Id.* at 2, 8.  Plaintiff sought reconsideration, and the Commissioner affirmed the initial determination on December 20, 2023.  *Id.* at 9, 18.  Plaintiff requested a hearing before an Administrative Law Judge (ALJ), which was held on August 21, 2024.  ECF No. 8-3 at 43–62.  On September 3, 2024, the ALJ rendered a decision in which he found that Plaintiff was not disabled within the meaning of the Act.  *Id.* at 22–34.  Plaintiff requested review of the decision, which the Appeals Council dismissed on July 17, 2025.[4]  *Id.* at 2, 5, 8–9.  The ALJ's August 2024 decision therefore constitutes the final, reviewable decision of the SSA.  *Sims* v. *Apfel*, 530 U.S. 103, 106-107 (2000); 42 U.S.C. § 405(g); 20 C.F.R. § 422.210(a).

**B.    Statutory Framework**

The Act authorizes Disability Insurance Benefit payments to every insured individual who "is under a disability."[5]  *Cleveland* v. *Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 801 (1999) (quoting 42 U.S.C. § 423(a)(1)); *see also Shue* v. *O'Malley*, No. 23-1795, 2024 WL 2827936, at *3 (4th Cir. June 4, 2024).  The Act defines "disability" as being "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a).

---

[3]  In her application, Plaintiff reported other physical and mental impairments that are not relevant to the issues raised in the instant appeal.  ECF No. 8-4 at 10, 12.

[4]  Plaintiff's request for review was untimely, and the Appeals Council did not find good cause to extend the filing deadline.  ECF No. 8-3 at 5, 8–9.

[5]  The Disability Insurance Benefits program provides benefits to individuals "who have contributed to the program while employed."  *Delk* v. *Colvin*, 675 Fed. Appx. 281, 282 (4th Cir. 2017); *see also* 42 U.S.C. § 423 (a).

Federal regulations require an ALJ to evaluate a claimant's disability claim using a five-step sequential evaluation process.  20 C.F.R. § 404.1520.  Through this process, an ALJ evaluates, in order, "whether the claimant: (1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to her past relevant work; and (5) if not, could perform any other work in the national economy."  *Hancock* v. *Astrue*, 667 F.3d 470, 472 (4th Cir. 2012).  "The applicant bears the burden of production and proof during the first four steps."  *Pass* v. *Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995).  At step five, "the burden shifts to the Commissioner to prove, by a preponderance of the evidence, that the claimant can perform other work that exists in significant numbers in the national economy, considering the claimant's residual functional capacity, age, education, and work experience."  *Mascio* v. *Colvin*, 780 F.3d 632, 635 (4th Cir. 2015) (internal quotation marks and citation omitted).

If the claimant satisfies step three, there is "an automatic finding of disability," which "relieves the decision maker from proceeding to steps 4 and 5."  *Patterson* v. *Commissioner of Soc. Sec. Admin.*, 846 F.3d 656, 659 (4th Cir. 2017).  If the claimant does not carry their burden at the third step of the sequential evaluation, then the ALJ must assess relevant evidence and make a finding regarding the claimant's residual functional capacity.  20 C.F.R. § 404.1520(e); *Monroe v. Colvin*, 826 F.3d 176, 179 (4th Cir. 2016).  Residual functional capacity is defined as "the most [the claimant] can still do despite [their physical and mental] limitations."  20 C.F.R. § 404.1545(a)(1).  The ALJ then uses the residual functional capacity determination at the fourth and fifth steps of the disability assessment.  20 C.F.R. § 404.1520(e); *Monroe*, 826 F.3d at 180.

### C.     The ALJ's Decision

The ALJ initially determined that Plaintiff met the Act's insured status requirement through March 31, 2028.  ECF No. 8-3 at 24.  At step one of the five-step sequential disability

evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since February 1, 2020, the alleged disability onset date.[6] *Id.* At step two, the ALJ found that Plaintiff has the severe impairments of "left knee impairment status post total knee replacement, bilateral carpal tunnel syndrome, lumbar spine spondylosis with degenerative disc disease, osteoarthritis, arthropathies, and obesity." *Id.* at 25 (bold removed). The ALJ also found that Plaintiff has the non-severe impairments of "trauma, major depressive disorder, and adjustment disorder." *Id.* at 25. At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1."[7] *Id.* at 27 (bold removed).

Before proceeding to step four of the sequential evaluation, the ALJ determined that Plaintiff retained the residual functional capacity to, as relevant here, "perform sedentary work . . . except more specifically, the claimant needs to be allowed to briefly, for up to 2 minutes, alternate between the sitting and standing positions at 30-minute intervals without going off task."[8] *Id.* at 28 (bold removed). At step four, the ALJ found that Plaintiff could not perform her past relevant work as a hairstylist because it exceeded her exertional capacity. *Id.* at 33. At step

---

[6] Although Plaintiff worked after the alleged disability onset date, the ALJ found that this work did not meet the earnings threshold to be considered substantial gainful activity. ECF No. 8-3 at 24.

[7] Appendix 1 to 20 C.F.R. Part 404, Subpart P provides a listing of impairments. Within Appendix 1, "Adult Listings 12.00 *et seq*. . . . pertain to mental impairments, and consist of (1) 'paragraph A criteria,' which consist of a set of medical findings; (2) 'paragraph B criteria,' which consist of a set of impairment-related functional limitations; and (3) 'paragraph C criteria,' which relate to 'serious and persistent' disorders lasting at least two years with a history of ongoing medical treatment and marginal adjustment." *Autumn T.* v. *Saul*, Civil Action No. DLB-19-1572, 2020 WL 4194145, at *3 (D. Md. July 21, 2020). Here, the ALJ found that Plaintiff's non-severe impairments presented only mild limitations to Plaintiff's work abilities under the "paragraph B" criteria. ECF No. 8-3 at 25.

[8] The ALJ's residual functional capacity determination contains other physical and environmental limitations that are not relevant to the issues raised in the instant appeal. ECF No. 8-3 at 28.

five, the ALJ determined that there were other jobs in the national economy that Plaintiff could perform given her residual functional capacity. *Id.* at 33–34. The ALJ therefore concluded that Plaintiff was not disabled within the meaning of the Act and that the SSA had properly denied her claim for benefits. *Id.* at 34.

## II.    DISCUSSION

On appeal, Plaintiff contends that the ALJ's residual functional capacity determination is deficient "because it adopts a detailed sit/stand provision without the required narrative bridge or function-by-function findings." ECF No. 12 at 9; *see also id.* at 7–12. The Commissioner argues the opposite. ECF No. 14 at 6–15.

### A.    Standard of Review

The scope of judicial review of the SSA's disability determination is "circumscribed." *Britt* v. *Saul*, 860 Fed. Appx. 256, 259 (4th Cir. 2021) (citing 42 U.S.C. § 405(g)). The Court must affirm the decision "so long as the agency applied correct legal standards and the factual findings are supported by substantial evidence." *Id*. Factual findings supported by substantial evidence "shall be conclusive." 42 U.S.C. § 405(g); *see also Hays* v. *Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990) ("[I]t is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the Secretary if [the] decision is supported by substantial evidence."). The phrase "substantial evidence" is a "term of art" that "means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek* v. *Berryhill*, 587 U.S. 97, 102-103 (2019) (quoting *Consolidated Edison Co.* v. *NLRB*, 305 U.S. 197, 229 (1938)). It is "more than a mere scintilla . . . [and] somewhat less than a preponderance." *Laws* v. *Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). The "threshold for such evidentiary sufficiency is not high." *Biestek*, 587 U.S. at 103.

In conducting the substantial evidence inquiry, this Court's review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *Sterling Smokeless Coal Co.* v. *Akers*, 131 F.3d 438, 439-440 (4th Cir. 1997). Although an ALJ's decision must be sufficiently detailed to allow for meaningful judicial review, an "elaborate or even sophisticated" explanation is not required. *T-Mobile S., LLC* v. *City of Roswell*, 574 U.S. 293, 302 (2015); *Mascio*, 780 F.3d at 636-637. Rather, an administrative decision's reasoning need only be "reasonably discernible." *Garland* v. *Ming Dai*, 593 U.S. 357, 369 (2021). "Meaningful review is frustrated—and remand necessary—only where [the court is] unable to fathom the [ALJ's] rationale in relation to evidence in the record." *Britt*, 860 Fed. Appx. at 262 (internal quotation marks and citation omitted).

**B.      Residual Functional Capacity**

A claimant's residual functional capacity is determined using a two-step process. The ALJ must first "identify the individual's functional limitations . . . and assess [their] work-related abilities on a function-by-function basis." Social Security Ruling 96-8p, Titles II and XVI: Assessing Residual Functional Capacity in Initial Claims (SSR 96-9p), 61 Fed. Reg. 34,474-01, 34,475 (July 2, 1996). "The function-by-function approach asks the ALJ to consider a claimant's specific 'exertional and nonexertional functions.'"[9] *Ladda* v. *Berryhill*, 749 Fed. Appx. 166, 173 (4th Cir. 2018) (quoting SSR 96-8p, 61 Fed. Reg. at 34,476). The ALJ then expresses a claimant's residual functional capacity "in terms of the exertional levels of work," such as "sedentary, light, medium, heavy, and very heavy." SSR 96-8p, 61 Fed. Reg. at 34,475;

---

[9] "Exertional capacity . . . defines the individual's remaining abilities to perform each of seven strength demands: [s]itting, standing, walking, lifting, carrying, pushing, and pulling." Social Security Ruling 96-8p, Titles II and XVI: Assessing Residual Functional Capacity in Initial Claims, 61 Fed. Reg. 34,474-01, 34,477 (July 2, 1996). "Nonexertional capacity considers all work-related limitations and restrictions that do not depend on an individual's physical strength," such as stooping, climbing, reaching, seeing, hearing, speaking, understanding and remembering instructions, and tolerance of temperature extremes. *Id.*

*see also* 20 C.F.R. § 404.1567.  While the SSA guidelines require a "function-by-function" analysis to determine a claimant's residual functional capacity, the United States Court of Appeals for the Fourth Circuit has held that this analysis does not need to be explicit.  *Mascio*, 780 F.3d at 636 (rejecting "a per se rule requiring remand when the ALJ does not perform an explicit function-by-function analysis.").  Instead, the key consideration is whether the ALJ identified the evidence relied upon in determining the claimant's residual functional capacity and built "an accurate and logical bridge from the evidence to that conclusion."  *Monroe*, 826 F.3d at 189 (internal quotation marks and citation omitted).  A proper residual functional capacity analysis "has three components: (1) evidence, (2) logical explanation, and (3) conclusion." *Thomas* v. *Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019).  The second component of this analysis, "the ALJ's logical explanation, is just as important as the other two."  *Id.*; *see also* SSR 96-8p, 61 Fed. Reg. at 34,478 ("The [residual functional capacity] assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and nonmedical evidence.").  Remand is appropriate when the ALJ's residual functional capacity analysis "contains too little logical explanation for . . . meaningful appellate review." *Thomas*, 916 F.3d at 312).

Here, the ALJ concluded that Plaintiff could perform sedentary work with limitations. ECF No. 8-3 at 28.  One limitation was that Plaintiff "needs to be allowed to briefly, for up to 2 minutes, alternate between the sitting or standing positions at 30-minute intervals without going off task."  *Id.* (bold removed).  Plaintiff contends that there is no explanatory or evidentiary basis for this limitation.  ECF No. 12 at 9.  The undersigned concurs.  As the Commissioner notes, the ALJ considered and evaluated the pertinent record evidence, including objective and subjective evidence of Plaintiff's impairments.  ECF No. 14 at 14.  He did not, however, "explain, either through reliance on medical opinions or other evidence, *how* adjusting positions every [thirty]

minutes"—"rather than any other interval of time"—"would  accommodate Plaintiff's physical issues." *Stephanie E.* v. *O'Malley*, Civil Action No. CDA-23-343, 2024 WL 622105, at *4 (D. Md. Feb. 14, 2024) (emphasis in original; quotations and citation omitted).  "Specifically, there is no narrative discussion of what medical evidence led the ALJ to conclude that a break from sitting would be necessary after [30] minutes (as opposed to earlier or later), or why [an up to 2] minute break (rather than a longer one) would be adequate." *Candace W.* v. *Kijakazi*, Civil Action No. TJS-20-3344, 2022 WL 521967, at *2 (D. Md. Feb. 22, 2022) (quotation marks and citation omitted); *accord Dawson* v. *Bisignano*, Civil Action No. CJC-25-0959, 2026 WL 746598, at *3 (D. Md. Mar. 17, 2026); *Ronald J.* v. *Kijakazi*, Civil Action No. GLS-21-1845, 2022 WL 3134446, at *4 (D. Md. Aug. 5, 2022).  "Here, as in *Candace W.* and *Ronald J.*, the ALJ provided no explanation for determining (1) that Plaintiff must adjust her physical position at the intervals specified or (2) that Plaintiff can remain on task while doing so." *Deborah O.* v. *O'Malley*, Civil Action No. CDA-23-2680, 2024 WL 3924672, at *3 (D. Md. Aug. 22, 2024); *cf. Tyrone T.* v. *Bisignano*, Civil Action No. TJS-25-0194, 2025 WL 3089089, at *4 (D. Md. Nov. 5, 2025) (affirming where the "ALJ explained how he determined that the claimant required the option to sit or stand every 30 minutes (while remaining on task), with citation to specific evidence").  As this Court has held previously, an "ALJ's failure to justify [residual functional capacity] provisions concerning a claimant's need to change physical positions throughout the workday constitutes error." *Deborah O.*, 2024 WL 3924672, at *3; *accord Dawson*, 2026 WL 746598, at *3; *Stephanie E.*, 2024 WL 622105, at *3.  The failure to explain the rationale and evidence that support Plaintiff's sit-stand limitation prevents meaningful judicial review, which necessitates remand.[10]  *Dawson*, 2026 WL 746598, at *3; *Stephanie E.*, 2024 WL 622105, at *4.

---

[10]  The ALJ's failure to provide the necessary level of explanation regarding the sit-stand limitation may also have impacted his step-five determination, both with respect to Plaintiff's ability to stay on task and the existence of jobs in the national economy that Plaintiff could

**III.    CONCLUSION**

For the foregoing reasons, the Commissioner's decision is reversed, and the case is remanded for further proceedings consistent with this Memorandum Opinion pursuant to sentence four of 42 U.S.C. § 405(g). In remanding for further explanation and analysis, the Court offers no opinion as to whether the ALJ's ultimate conclusion that Plaintiff is not entitled to benefits is correct. A separate Order follows.


Date:  July 28, 2026                                            /s/
                                                        Erin Aslan
                                                        United States Magistrate Judge

---

perform. *E.g.*, *Deborah O.* v. *O'Malley*, Civil Action No. CDA-23-2680, 2024 WL 3924672, at *3 (D. Md. Aug. 22, 2024); *Stephanie E.* v. *O'Malley*, Civil Action No. CDA-23-343, 2024 WL 622105, at *4 (D. Md. Feb. 14, 2024); *Ronald J.* v. *Kijakazi*, Civil Action No. GLS-21-1845, 2022 WL 3134446, at *4 (D. Md. Aug. 5, 2022).